UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Florida Extruders International, Inc.

    Debtor.
_____/

Case No.: 8:11-bk-07761-KRM
Chapter 11

*Emergency Relief Requested*

# DEBTOR'S EMERGENCY MOTION
# FOR AUTHORITY TO PAY PREPETITION WAGES

Florida Extruders International, Inc., a Florida corporation, as debtor and debtor-in-possession ("Debtor"), by and through undersigned counsel hereby files this Emergency Motion for Authority to Pay Prepetition Wages ("Motion"), and states as follows:

## Procedural Background

1. On April 25, 2011 Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "***Petition Date***").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

4. The Debtor is a Florida profit corporation in business as a low cost, vertically integrated aluminum extruder, window, sliding glass door, and patio screen door manufacturer, and building products distributor.

5. The Debtor has approximately 26 employees ("***Employees***") currently

working on various projects.

6. The Debtor is obligated to pay its customary payroll for the pay period for April 18, 2011 through April 24, 2011 (the "***Pay Period***"). Attached as **Exhibit A** is a schedule including: (a) the name of each employee to whom such wages are sought to be paid, and (b) the gross amount due each employee as of the Petition Date for the Pay Period; (c) the corresponding withholding and payroll taxes to be withheld; and (d) the corresponding net amount due each listed employee.

7. The total amount of gross pre-petition wages requested to be paid to the Employees for the Pay Period is $27,623.48.

8. Each Employee is presently employed by the Debtor. Except for Joel Lehman, none of the Employees constitute insiders as defined in 11 U.S.C. § 101(31) (b).

9. The Debtor shall pay all applicable payroll taxes and related benefits concurrently with payment of the wages requested hereunder.

10. Section 507(a) (4) of the Bankruptcy Code, grants a priority claim for wages, salaries or commissions to the extent of $10,950 per individual. Payroll to be paid to each of the Employees does not exceed the sum of $10,950 per individual.

11. The Debtor seeks authorization to honor prepetition wage obligations owed to its employees earned within 180 days before the commencement of this case. In order to avoid the significant risks of resignations and of discontent or loss of morale among essential employees, and in view of the priority awarded to wage claims, it is necessary and appropriate that the Debtor be granted the requested authorization. The Debtor requires the continued service of its employees in order to ensure the continuity of its business and so that the Debtor may continue, without unnecessary interruption, its efforts to achieve a successful reorganization.

12. Payment of the wages due the Debtor's Employees is vital. In the event the Employees are not paid and discontinue their efforts, substantial and irreparable harm will be incurred by the Debtor's bankruptcy estate, thereby impairing its reorganization efforts.

13. All of the obligations for which the Debtor is seeking authorization to honor were earned by individuals employed by the Debtor, and are for services rendered within 180 days before the commencement of the Debtor's case. The obligations are for wages and payroll taxes based on such wages. Accordingly, all prepetition obligations for which the Debtor requests authorization to honor would be entitled to priority under the provisions of the Bankruptcy Code. Bankruptcy Code § 507 sets forth the distribution priorities of expenses and claims. Section 507(a)(4) describes the priority provided wage claims, as follows:

> [A]ll0wed unsecured claims, but only to the extent of $10,950 for each individual who earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual.

14. In addition, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the Debtor. *In re Ionosphere Clubs,* Inc., 98 B.R. 174,176 (Bankr. S.D.N.Y. 1989). The Third Circuit, in *In re Lehigh & New England Railway Co.,* 657 F.2d 570,581 (3rd Cir. 1981), described the doctrine as follows:

> The 'necessity of payment doctrine' permits immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their prepetition claims shall have been paid. *In re Lehigh & New England Railway Co.,* 657 F.2d 570, 581 *(quoting In re Penn Central Transp. Co.),* 467 F.2d 100,102, n.l (3rd Cir. 1972).

While the "necessity of payment" doctrine originally developed in the context of railroad reorganizations under the Bankruptcy Act, it has been applied in nonrailroad bankruptcies. In *Dudley* v. *Mealey,* 147 F.2d 268 (2nd Cir. 1945), *cert. denied,* 325 U.S. 873, 65 S.Ct. 1415, 80 L.Ed. 1991 (1945), a reorganization case involving a hotel, Judge Learned Hand, in applying the necessity of payment doctrine, stated:

> Let it [a hotel] once be shut down, and it will lose much of its value....Some priority [the tradesmen supplying the hotel prepetition] may be essential to preservation of the business during that period as it is later. *Dudley,* 147 F.2d 268, 271.

15. The Court has the power to authorize the payment of prepetition claims, under the circumstances, pursuant to the "necessity of payment" doctrine, 11 U.S.C. § 363, and 11 U.S.C. §105(a).

16. There will be no prejudice to unsecured creditors resulting from the Court's authorization that the Debtor may honor the prepetition payroll obligations as requested herein as these obligations are senior in priority to unsecured claims. Authorization to make such payments is necessary so that the Debtor's continued operations and efforts to reorganize are not jeopardized. Authorizing the Debtor to pay the wages and resulting payroll taxes will benefit both favored and disfavored creditors and the entire estate.

17. Due to the vital importance of the Employees to the reorganization process, the Debtor respectfully submits that payment of all wages and resulting payroll taxes referenced above is appropriate and such authorization will not prejudice creditors, but rather will protect their interests.

**WHEREFORE,** the Debtor respectfully requests that this Court authorize the Debtor to pay its Employees prepetition wages and insurance benefits, together with the resulting payroll

4

tax for prepetition pay periods and for any further relief this Court deems just and proper.

                Respectfully submitted,

                /s/Christopher C. Todd
                RICHARD J. McINTYRE
                Florida Bar No. 0962708
                rich@mcintyrefirm.com
                CHRISTOPHER C. TODD
                Florida Bar No. 72911
                chris@mcintyrefirm.com
                McIntyre, Panzarella, Thanasides
                   & Eleff, P.L.
                400 N. Ashley Street, Ste. 1500
                Tampa, Florida 33602
                813-899-6059; 813-899-6069 Fax
                *Attorneys for Debtor*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on this 26th day of April, 2011, via the Court's CM/ECF system or U.S. Mail to:

**U.S. Trustee Office**, 501 East Polk Street, Ste 1200, Tampa, Florida 33602

**Florida Extruders International;** 2540 Jewett Lane, Sanford, Florida 32771
**LBR 1007-2 Parties in Interest List**


                /s/ Christopher C. Todd
                  Attorney