# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

Florida Extruders International, Inc.   Case No: 8:11-bk-07761-RKM
                                        Chapter 11
            Debtor.
_____/

## ORDER APPROVING BID PROCEDURES AND
## BREAK-UP FEE FOR SALE OF ASSETS

This matter is before the Court on the Debtor's motion for an order under 11 U.S.C. §§ 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 (i) approving the sale of substantially all of the Debtor's assets to the successful bidder at auction (including a credit bid by Wells Fargo), free and clear of liens, claims, interests, and encumbrances and (ii) approving bid procedures (including notice and auction procedures), overbid protection and a break-up fee (Doc. No. 73) (the "Motion"). Having reviewed the Motion, the record, and the statements of counsel for the Debtor, the Court finds that establishing procedures for a sale of the FEI Debtor Assets,[1] in accordance with the provisions contained in this Order, is in the best interests of the Debtor's estate. The Debtor has given proper and adequate notice of the Motion and the hearing, and no other or further notice is necessary. Accordingly, it is

**ORDERED and ADJUDGED:**

1.   *Approval of Break-Up Fee.* A break-up fee in the amount of up to three

---

[1] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

percent of the Purchase Price as provided in the Purchase Agreement (the "Break-Up Fee") and the overbid protection in the amount of $400,000 (the "Overbid Protection") are approved, subject to the terms and conditions of this Order.

2. *Bidding Procedures.* The "Bid Procedures for the Sale of Substantially All Assets of Florida Extruders International, Inc." is attached as **Exhibit I** to this Order and is approved and shall control to the extent of any conflict with the language of this Order. An auction will be conducted on the following terms and conditions:

A. *Determination of "Qualified Bidder" Status.* Prior to submitting a bid with respect to the FEI Debtor Assets, any party, other than the Stalking Horse Purchaser and Wells Fargo, will be required to deliver to the Chief Restructuring Officer (i) an executed confidentiality agreement in a form reasonably acceptable to the Chief Restructuring Officer and (ii) evidence acceptable to the Chief Restructuring Officer establishing the potential bidder's ability to finance and close the potential purchase. A "Qualified Bidder" is a potential bidder (i) that timely delivers such documents and (ii) that the Chief Restructuring Officer determines is financially able to consummate the purchase of the FEI Debtor Assets. The Chief Restructuring Officer reserves the right to make the sole and final determination of who is a Qualified Bidder. The Stalking Horse Purchaser and Wells Fargo are each deemed to be a Qualified Bidder. Other than a credit bid from Wells Fargo, all of the FEI Debtor Assets must be sold for cash.

B. *Determination of "Qualified Bid" Status.* In the event a Qualified Bidder, including the Stalking Horse Purchaser and/or Wells Fargo, desires to propose a purchase of the FEI Debtor Assets, such Qualified Bidder must submit the following required bid documents in order for the bid to be considered a "Qualified Bid": (i) a

written offer stating that the Qualified Bidder unconditionally offers to purchase the FEI Debtor Assets for cash in an amount that exceeds the amount of the Purchase Price set forth in the Purchase Agreement by no less than $400,000 (other than a credit bid from Wells Fargo), without any further due diligence or financing or other contingencies, and that the offer is irrevocable until the closing of the purchase of the FEI Debtor Assets; (ii) an executed purchase agreement that substantially conforms to the Purchase Agreement, accompanied by a copy of such agreement that is marked to show such Qualified Bidder's proposed revisions, amendments or modifications (if any) to the Purchase Agreement; and (iii) a good faith deposit (the "Good Faith Deposit") in an amount equal to not less than One Million Dollars ($1,000,000.00) (except that no cash deposit shall be required of Wells Fargo) paid by certified check or wire transfer (or other payment form acceptable to the Chief Restructuring Officer in his sole discretion) payable to the order of the Debtor in care of its counsel and to be held in trust by the Debtor.

C. *Submitting a Bid.* Bid documents must be submitted by June 13, 2011 at 12:00 noon (prevailing Eastern time) ("Bid Deadline") to (i) Soneet R. Kapila, as Chief Restructuring Officer, 1000 South Federal Highway, Suite 200, Ft. Lauderdale, Florida 33316, e-mail: skapila@kapilaco.com, (ii) Christopher C. Todd, Esquire, McIntyre, Panzarella, Thanasides, Hoffman, Bringgold & Todd, P.L., 400 North Ashley Street, Suite 1500, Tampa, Florida 33602, email: chris@mcintyrefirm.com, (iii) David Asmann, Triton Capital Partners, Ltd., 566 West Lake Street, Suite 235, Chicago, Illinois 60661, e-mail: DAsmann@TritonCap.com, and (iv) Smith Hulsey & Busey, Attention: John R. Smith, Jr., Esquire, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, e-mail: jsmith@smithhulsey.com. Upon receipt of a Qualified Bid, the Debtor will

3

promptly file a copy of such bid with the Bankruptcy Court and will provide a copy to the Stalking Horse Purchaser by electronic mail.

  D. *Auction*. If one or more Qualified Bids (other than that of the Stalking Horse Purchaser) are timely received, the Chief Restructuring Officer will conduct an auction (the "Auction") with respect to the FEI Debtor Assets. If no Qualified Bid (other than that of the Stalking Horse Purchaser) is timely received by the Bid Deadline, (i) no auction will be held, (ii) the Chief Restructuring Officer will report the same to the Bankruptcy Court, (iii) the Stalking Horse Purchaser's bid will be deemed the highest or otherwise best offer for the FEI Debtor Assets, and (iv) the Chief Restructuring Officer will proceed with the transaction contemplated by the Purchase Agreement.

  E. *Auction Date.* The Auction, if required, will occur at the offices of Debtor's counsel, McIntyre, Panzarella, Thanasides, Hoffman, Bringgold & Todd, P.L., 400 North Ashley Street, Suite 1500, Tampa, Florida 33602, commencing at 9:00 a.m. (prevailing Eastern time) on June 14, 2011.

  F. *Opening Bid Requirement*. The Auction will be conducted as an "open cry" auction. Bidding will begin at the purchase price stated in the highest or otherwise best Qualified Bid. Bidding will subsequently continue in additional minimum increments of at least One Hundred Thousand Dollars ($100,000.00) in cash (other than Wells Fargo, which may credit bid) unless the Debtor's Chief Restructuring Officer determines that other increments would be preferable.

  G. *Bankruptcy Court Approval after Notice and Hearing*. The Court will conduct a hearing on the sale to the Stalking Horse Purchaser or the Qualified Bidder that makes the Prevailing Bid commencing at 2:30 p.m. on June 15, 2011, at the United

States Bankruptcy Court, Courtroom 9B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida (the "Sale Hearing").

      i.    *Sale Order.* At the Sale Hearing, the Chief Restructuring Officer will seek entry of an order authorizing and approving the Sale (a) to the Stalking Horse Purchaser pursuant to the terms and conditions set forth in the Purchase Agreement, so long as no other Qualified Bid is received, or (b) if another Qualified Bid or Bids (that are the Prevailing Bid(s)) are received, then to such other Qualified Bidder(s) that the Chief Restructuring Officer, in the exercise of his business judgment at or timely following the Auction, determines has made the highest or otherwise best offer to purchase the FEI Debtor Assets at the Auction (the "Prevailing Bidder"). After considering the Auction Qualified Bids, the Chief Restructuring Officer will notify the Qualified Bidders (including the Stalking Horse Purchaser) and Wells Fargo of the results of such determination and will present the Prevailing Bid to the Bankruptcy Court at the Sale Hearing.

      ii.    *Back Up Bidder.* Following the Sale Hearing approving the sale of the FEI Debtor Assets to the Prevailing Bidder, if the Prevailing Bidder fails to consummate an approved Sale within three (3) business days of the required closing date because of a breach or failure to perform on the part of the Prevailing Bidder, the next highest or otherwise best Qualified Bid, including any bid from Stalking Horse Purchaser or Wells Fargo, for the FEI Debtor Assets will be deemed to be the Prevailing Bid, and the Chief Restructuring Officer will be authorized to consummate the sale with the applicable Qualified Bidder submitting its bid without further order of the Bankruptcy Court (a "Back Up Bidder"). The closing of the Sale to a Backup Bidder shall take place

within ten (10) days after the Back Up Bidder receives notice from the Chief Restructuring Officer that the Prevailing Bidder failed to close.

iii. *Return of Good Faith Deposit.* The Good Faith Deposit (or the allocable portion thereof) of any Qualified Bidder will be returned to the Qualified Bidder within three (3) business days after entry of the Sale Order, except for the Prevailing Bidder and the Back Up Bidder, whose deposits shall be retained until three (3) business days after the closing of the Sale. Further, the Back Up Bidder will remain obligated to purchase all of the FEI Debtor Assets in accordance with such bids until the consummation of the Sale to the Prevailing Bidder. If a Prevailing Bidder fails to consummate an approved Sale, and pursuant to the Purchase Agreement with the Prevailing Bidder, the Debtor has the right to retain the Good Faith Deposit deposited by the Prevailing Bidder as a result of such failure. The Chief Restructuring Officer will not have any obligation to return the Good Faith Deposit deposited by the Prevailing Bidder, and such Good Faith Deposit irrevocably will become property of the Debtor as pre-agreed-upon liquidated damages to the Debtor, and not as a penalty to such Prevailing Bidder. The foregoing sentence shall also apply to any Back Up Bidder(s) should such Back Up Bidder(s) become obligated to consummate a sale.

H. *Bid Protection; Break-Up Fee.* As will be set forth more fully in the Purchase Agreement, provided (a) that the Stalking Horse Purchaser is not in default under the Purchase Agreement beyond any applicable notice and cure periods set forth in the Purchase Agreement or has not terminated the Purchase Agreement, and (b) that the Court confirms and approves a sale of the FEI Debtor Assets to a Qualified Bidder (including Wells Fargo), other than the Stalking Horse Purchaser, then the Chief

Restructuring Officer shall be permitted, authorized, and directed to pay the Stalking Horse Purchaser the Break-Up Fee from the sale proceeds. If the Chief Restructuring Officer fails to close the sale to the Stalking Horse Purchaser pursuant to the terms of the Purchase Agreement, then, as will be set forth in greater detail in the Purchase Agreement, the Chief Restructuring Officer shall pay the Break-Up Fee to the Stalking Horse Purchaser from the funds of the Debtor and shall be authorized, permitted, and directed to pay from such funds. In either case, Wells Fargo has agreed, and there will be carved out from Wells Fargo's pre-petition liens, DIP liens and super-priority administrative claims, an amount equal to the Break-Up Fee.

      I.    *Closing of the Sale*. If an order approving the sale of the FEI Debtor Assets is not subject to a stay, the closing of the sale and transfer of the FEI Debtor Assets (the "Closing") will occur within fifteen (15) days after the satisfaction or waiver of conditions set forth in the Purchase Agreement (other than conditions that by their nature are to be satisfied at the Closing).

**DONE AND ORDERED** at Tampa, Florida on May 27, 2011.

_____
K. Rodney May
United States Bankruptcy Judge

7

# EXHIBIT I

# BID PROCEDURES FOR THE
# SALE OF SUBSTANTIALLY ALL ASSETS
# OF FLORIDA EXTRUDERS INTERNATIONAL, INC.

Florida Extruders International, Inc. (the "<u>Debtor</u>"), acting through its court-appointed Chief Restructuring Officer, will sell substantially all assets[1] of the Debtor (as further described in that Motion for Orders (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims and Interests (ii) Approving Bid Procedures and (iii) Granting Related Relief (the "<u>Motion</u>") filed with the Bankruptcy Court (as defined below) (Doc. No. 73), the "<u>FEI Debtor Assets</u>") free and clear of liens pursuant to section 363(f) of the Bankruptcy Code. The Debtor anticipates executing an asset purchase agreement with a "stalking horse" bidder (the "<u>Purchase Agreement</u>")[2] and is soliciting other higher or better bids for the sale of the FEI Debtor Assets.

In the Motion, the Debtor seeks (i) approval of the process and procedures through which it will obtain and determine the highest or otherwise best bid for the FEI Debtor Assets and (ii) an order of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "<u>Bankruptcy Court</u>") authorizing and directing the Debtor to do so through that process and those procedures, which are set forth below (the "<u>Bid Procedures</u>").

Subject to the Bankruptcy Court's calendar, within two (2) days of the Bid Deadline, as further described below, the Bankruptcy Court will conduct a hearing (the "<u>Sale Hearing</u>") at which the Debtor shall seek entry of an order (the "<u>Sale Order</u>") authorizing and approving the sale of all or a part of the FEI Debtor Assets (a "<u>Sale</u>") pursuant to either (i) the Purchase Agreement or (ii) a different Prevailing Bid (as defined below).

Subject only to the subsequent approval of the Bankruptcy Court and the consent of Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>"), the Debtor's Chief Restructuring Officer shall have the sole and unfettered discretion to determine whether the Bid reflected in the Purchase Agreement, or any Qualifying Bid, constitutes the highest and best qualifying bid or bids for the FEI Debtor Assets and may take into consideration when making such determination whether a sale of less than all of the FEI Debtor Assets to one bidder, or of different combinations of assets to multiple bidders, will result in a higher net benefit to the estate when considering, among other things, the remaining value of the unsold assets, the net amount of the purchase price (including, where applicable, payment of the Break-Up Fee to Purchaser), the form of consideration being offered, the likelihood of the bidder's ability to close a transaction, and the timing thereof.

---

[1] The FEI Debtor Assets do not include (i) a parcel of real property located at 2305 Beardall Avenue, Sanford, Florida 32771, bearing Seminole County Property ID No. 33-19-31-300-1320-0000 or (ii) Debtor's life insurance policies on Joel Lehman, including the policy issued by Prudential Life Insurance Company bearing Contract No77-936-740.

[2] A copy of the Purchase Agreement will be filed with the Bankruptcy Court under notice within five business days of the Motion, and a copy will be available after that time to Potential Bidders upon request to Debtor's counsel: Christopher C. Todd, Esquire, 813-899-6059, e-mail: chris@mcintyrefirm.com. Unless otherwise defined herein, capitalized terms used herein shall have the meanings that will be ascribed to them in the Purchase Agreement.

## Determination of "Qualified Bidder" Status

Prior to submitting a bid with respect to the FEI Debtor Assets, each person (a "Potential Bidder") other than Purchaser and Wells Fargo must deliver to the Debtor[3] (i) an executed confidentiality agreement in form and substance satisfactory to the Debtor and (ii) some form of evidence acceptable to the Debtor establishing, in the business judgment of the Debtor's Chief Restructuring Officer, that the Potential Bidder has the financial ability to close the potential Sale.

A "Qualified Bidder" is a Potential Bidder (i) that timely delivers the documents described above and (ii) that the Debtor in its business judgment determines is financially able to consummate the purchase of all or a portion of the FEI Debtor Assets. The Debtor, acting through its Chief Restructuring Officer, reserves the right to make the sole and final determination of who is a Qualified Bidder. Purchaser and Wells Fargo are each deemed to be a Qualified Bidder. All FEI Debtor Assets must be sold for cash, except the Bankruptcy Court shall credit Wells Fargo's Qualified Bid in an amount equal to its entire claim against the Debtor.

**Subject to the Bankruptcy Court's calendar, the deadline for submitting bids by a Qualified Bidder shall be set on or about June 13, 2011 at 12:00 Noon (prevailing Eastern time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall contemporaneously deliver written copies of its bid to (i) the Debtor, c/o Soneet R. Kapila, 1000 South Federal Highway, Suite 200, Ft. Lauderdale, Florida 33316, e-mail: skapila@kapilaco.com, (ii) Christopher C. Todd, Esquire, McIntyre, Panzarella, Thanasides, Hoffman, Bringgold & Todd, P.L., 400 North Ashley Street, Suite 1500, Tampa, Florida 33602, email: chris@mcintyrefirm.com, (iii) David Asmann, Triton Capital Partners, Ltd., 566 West Lake Street, Suite 235, Chicago, Illinois 60661, e-mail: DAsmann@TritonCap.com, and (iv) Smith Hulsey & Busey, Attention: John R. Smith, Jr., Esquire, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, e-mail: jsmith@smithhulsey.com. No bidder other than Purchaser shall be entitled to a break-up or termination fee, expense reimbursement or similar payment.

## Determination of "Qualified Bid" Status

A bid received from a Qualified Bidder will constitute a "Qualified Bid" only if it includes all of the Required Bid Documents listed below and is substantially in compliance with all of the "Bid Requirements" set forth below:

1. A Qualified Bidder must submit the following "Required Bid Documents" in a form acceptable to the Debtor:

---

[3] The form of confidentiality agreement may be obtained through the Debtor's marketing consultant, Triton Capital Partners, 566 West Lake Street, Suite 235, Chicago, Illinois 60661, e-mail: DAsmann@TritonCap.com, and the completed confidentiality agreement and evidence of financial ability should be provided to Debtor through Triton Capital and to the Debtor's Chief Restructuring Officer, Soneet R. Kapila, 1000 South Federal Highway, Suite 200, Ft. Lauderdale, Florida 33316, e-mail: skapila@kapilaco.com.

a. A written offer (i) stating that the Qualified Bidder offers to purchase one or more of the FEI Debtor Assets for cash (without any due diligence, or financing contingencies), (ii) that is irrevocable until the closing of the purchase of the FEI Debtor Assets, and (iii) with an executed purchase and sale agreement that substantially conforms to the Purchase Agreement, accompanied by a copy of such agreement that is marked or blacklined to show those amendments and modifications to the Purchase Agreement that the Qualified Bidder proposes; and

b. A good faith deposit (the "Good Faith Deposit")[4] in an amount equal to at least One Million and NO/100 Dollars ($1,000,000.00)[5] in the form of a certified check or wire transfer (or other form acceptable to the Debtor in its sole discretion) payable to the order of the Debtor.

The Qualified Bid must consist of a good faith, bona fide offer to purchase all or a portion of the FEI Debtor Assets for cash that must contain a purchase price equal to or greater than an amount that exceeds the Purchase Price defined in the Purchase Agreement by Four Hundred Thousand and NO/100 Dollars ($400,000.00).

**The Debtor will provide notice to the Bankruptcy Court no later than the first business day following the Bid Deadline of its receipt any Qualified Bids and will provide a copy of each Qualified Bid submittal to Purchaser and its counsel.**

### The Auction

If one or more Qualified Bids (other than Purchaser's bid) are received, the Debtor's Chief Restructuring Officer will conduct an auction (the "Auction") with respect to the FEI Debtor Assets. If no Qualified Bid (other than Purchaser's bid) is received by the Bid Deadline, the Debtor shall report the same to the Bankruptcy Court, Purchaser's bid may be deemed the highest or otherwise best offer for the FEI Debtor Assets, subject to the terms of these Bid Procedures, and the Debtor may proceed with the transaction contemplated by the Purchase Agreement.

The Auction, if required, will commence at 9:00 a.m. (prevailing Eastern time) on June 14, 2011, at the offices of Debtor's counsel, McIntyre, Panzarella, Thanasides, Hoffman, Bringgold & Todd, P.L., 400 North Ashley Street, Suite 1500, Tampa, Florida 33602, or at such later time or other place as agreed upon by both Purchaser and the Debtor's Chief Restructuring Officer and of which the Debtor's Chief Restructuring Officer will notify all Qualified Bidders who have submitted Qualified Bids. The Auction may be adjourned from time to time at the

---

[4] The Good Faith Deposit shall be deposited with, and held in trust in a non-interest bearing account by, the Escrow Agent on behalf of the Debtor's Chief Restructuring Officer pending the results of the Auction. To make arrangements for delivery of the Good Faith Deposit, contact the Escrow Agent in care of Mr. Todd, whose contact information is contained in these Bid Procedures.

[5] The Debtor reserves the right to accept a Good Faith Deposit of a lesser amount on an Qualified Bid for less than all of the FEI Debtor Assets. The amount of any lesser deposit will be determined in the business judgment of the Debtor's Chief Restructuring Officer.

discretion of the Debtor's Chief Restructuring Officer. Only Purchaser, the Debtor, the U. S. Trustee, Wells Fargo and any Qualified Bidders (and such parties' representatives and professionals) will be entitled to attend, participate and be heard at the Auction.

The Auction shall be conducted as an "open cry" auction. Bidding will begin at the purchase price stated in the highest or otherwise best Qualified Bid or Bids. Bidding will subsequently continue in additional minimum increments of One Hundred Thousand and NO/100 Dollars ($100,000.00) in cash (unless the Debtor's Chief Restructuring Officer determines that other increments would be preferable). At the discretion of the Debtor's Chief Restructuring Officer, bidding shall continue on, or be re-opened, until the highest or otherwise best price is obtained for all of the FEI Debtor Assets (the "Prevailing Bid"). Purchaser is not required to participate in the bidding but shall have the right to bid at any time during the Auction; provided that in such event, bidding shall be open to all Qualified Bidders. Failure of a Qualified Bidder to attend the Auction or Sale Hearing will be deemed a waiver by that bidder of participation in any bidding at such event.

### Acceptance of Qualified Bids

At the Sale Hearing, the Debtor may seek entry of the Sale Order (i) if no Qualified Bid is received (other than Purchaser's bid), to Purchaser pursuant to the terms and conditions set forth in the Purchase Agreement, or (ii) if another Qualified Bid is received by the Debtor that is the Prevailing Bid, to such other Qualified Bidder as the Debtor, acting through its Chief Restructuring Officer and in the exercise of its business judgment, determines has made the highest or otherwise best offer to purchase the FEI Debtor Assets (the "Prevailing Bidder"). The Debtor may adjourn or reschedule the Sale Hearing without notice by an announcement of the adjourned date at the Sale Hearing and may cancel the Sale Hearing if they elect not to accept any bids, including the bid reflected by the Purchase Agreement. Closing of any Sale of the FEI Debtor Assets to the Prevailing Bidder will take place in accordance with the terms of the winning bid and in any event within fifteen (15) days following entry of the Sale Order so long as the Sale Order is not subject to a stay. If the Sale Order is subject to a stay, then such closing will take place within two (2) business days after dissolution of such stay.

Following the Sale Hearing approving the sale of the FEI Debtor Assets to the Prevailing Bidder, if any Prevailing Bidder fails to consummate an approved Sale within three (3) business days of the required closing date because of a breach or failure to perform on the part of such Prevailing Bidder, the next highest or otherwise best Qualified Bid or Qualified Bids for each of the FEI Debtor Assets will be deemed to be the Prevailing Bid and the Debtor will be authorized to consummate the sale with the applicable Qualified Bidder submitting such bid without further order of the Bankruptcy Court (the "Back Up Bidder"). The closing of the Sale to a Back Up Bidder shall take place within ten (10) days after such Back Up Bidder receives notice from the Debtor that the Prevailing Bidder failed to close and that the Debtor has elected to proceed to close with the Back Up Bidder.

### Payment of Break-Up Fee & Return of Good Faith Deposit

At the time of consummation of a Sale of the FEI Debtor Assets to anyone other than Purchaser, or if the Debtor elects to accept no bids, including the bid reflected by the Purchase

Agreement, the Debtor shall be permitted and authorized to pay the Break-Up Fee[6] contemporaneously therewith by wire transfer of immediately available funds to an account designated by Purchaser.

As to any Sale of the FEI Debtor Assets, with the exception of the Prevailing Bidder and the Back Up Bidder, the Good Faith Deposits of all Qualified Bidders will be returned to the Qualified Bidders within three (3) business days after entry of the Sale Order. The Prevailing Bidder's and the Back Up Bidder's Good Faith Deposits shall be retained by the Chief Restructuring Officer of the Debtor until three (3) business days after the closing of the sale of the FEI Debtor Assets that are the subject of such bidders' Qualified Bids. Furthermore, the Back Up Bidder will remain obligated to purchase all of the FEI Debtor Assets that are the subject of the Back Up Bidder's Qualified Bid in accordance with such bids until the consummation of the Sale of the FEI Debtor Assets to the Prevailing Bidder for such FEI Debtor Assets. If any Prevailing Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Prevailing Bidder, the Debtor will not have any obligation to return the Good Faith Deposit deposited by such Prevailing Bidder, and such Good Faith Deposit irrevocably will become property of the Debtor as liquidated damages, subject to any liens of Debtor's secured lender, Wells Fargo Bank, N.A. The foregoing provision shall also apply to any Back Up Bidder if such Back Up Bidder becomes obligated to consummate a Sale of all of the FEI Debtor Assets.

## Modifications

The Debtor reserves all rights to impose, at or prior to the Auction, additional terms and conditions on the sale of the FEI Debtor Assets, to extend or adjourn any deadlines set forth herein, and to take any other actions with respect to the Auction, the Sale Hearing or the sale of the FEI Debtor Assets which in its business judgment are reasonably necessary to preserve the bankruptcy estate or maximize the value thereof and which are not inconsistent with these Bid Procedures, the Purchase Agreement or any order of the Bankruptcy Court.

## Jurisdiction

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the sale, the Bid Procedures, the Sale Hearing, the Purchase Agreement, the Auction, and/or any other matter that in any way relates to the foregoing. Any party disputing the sale, the Bid Procedures, the Sale Hearing, the Purchase Agreement, the Auction and/or any other matter that in any way relates to the foregoing, shall file an objection with the Bankruptcy Court as soon as practicable to facilitate resolution of the objection and in any event in advance of the Sale Hearing.

---

[6] As set forth in the Motion, the Break-Up Fee will be up to three percent (3%) of the Purchase Price as will be defined in the Purchase Agreement. As also set forth in the Purchase Agreement, the Break-Up Fee is also payable following termination by Purchaser upon Seller's material breach.